IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| v.    ) | No. 16-4108 |
| ) | |
| MAURICE MCLAIN, ) | |
| ) | |
| Defendant-Appellant. ) | |
| _____ ) | |

**Appellant Maurice McLain's Motion to Stay Trial in District Court or to Suspend Briefing Schedule in This Court**

Appellant/Defendant Maurice McLain moves this Court for an order staying his participation in a trial scheduled for June 1, 2016, in the United States District Court for the Eastern District of Virginia, Newport News Division, in Norfolk, or, alternatively, for an order suspending the briefing schedule in this Court.

## FACTS

On March 9, 2015, Maurice McLain was charged in only Count One of a 17-count Second Superseding Indictment in EDVA Case No. 4:14CR59 (Doc. 15). Count One charges Mr. McLain with Racketeering Conspiracy in violation of 18

U.S.C. Section 1962(d). Paragraph 10 of Count One enumerates certain overt acts that are alleged to have been committed by the conspirators. Among those allegations are two paragraphs of overt acts, specifically, paragraphs 10qq and 10rr, of Count One which allege Mr. McLain conspired to purchase two pounds of marijuana from A.T. (par. 10qq) and used a firearm to shoot A.T. (in the leg) (par. 10rr).

On December 14, 2012, Mr. McLain was convicted in the Eastern District of Virginia of conspiracy to distribute narcotics and use of a firearm during a drug trafficking crime in Case No. 4:11CR89-9 (Doc. 973). Mr. McLain was sentenced to 15 years' imprisonment--a sentence he continues to serve. The conspiracy to distribute narcotics was charged in a superseding indictment as a conspiracy to possess with the intent to distribute, and to distribute, crack, cocaine, and marijuana (Doc. 232, Case No. 4:11CR89-9, Count 1). The firearm was used during the conspiracy to possess with intent to distribute and distribute marijuana (*Ibid.*, Count 13). The statement of facts (Doc. 705, Case No. 4:11CR89-9) shows Mr. McLain conspired to purchase two pounds of marijuana from Alex Turner and used a firearm to shoot him (in the leg).

On November 2, 2015, Appellant/Defendant McLain filed a motion to strike the allegations in paragraphs 10qq and 10rr in Count One of the Second Superseding

2

Indictment in the case below, and to exclude evidence thereon, and argued, in part, that his Double Jeopardy rights would be violated if he was tried again on these allegations (EDVA Case No. 4:14CR59, Doc. 134). After briefing and oral argument, the district court denied Mr. McLain's motion on February 12, 2016 (Doc. 164). On February 26, 2016, Mr. McLain timely filed the instant appeal (Doc. 167) pursuant to *Abney v. United States*, 431 U.S. 651, 662 (1977), and *United States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998).

On March 4, 2016, the government filed a motion to find the interlocutory appeal frivolous and maintain trial date (Doc. 175). After briefing and without oral argument, on April 20, 2016, the district court granted the government's motion, without opinion, but said "[t]he Court finds no meritorious basis for Defendant McLain's interlocutory appeal. Accordingly, the trial will continue as scheduled."

On April 22, 2016, this Court issued its briefing order. The appendix and Mr. McLain's opening brief are due on May 27, 2016, five days before the trial commences. The government's response brief is due on June 20, 2016, during the course of the scheduled five-week trial. Mr. McLain's reply brief is due ten days after service of the response brief.

## ARGUMENT

The Fifth Amendment to the U.S. Constitution guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause "is a prohibition not only of multiple punishments, but also of multiple trials. . . Consequently, [Mr. McLain's] double jeopardy challenge . . . must be reviewable before that subsequent exposure occurs. . . Consequently, a stay of the . . . criminal proceedings is the only means to protect [his] constitutional right." *Gilliam v. Foster*, 61 F.3d 1070, 1081-1082 (4th Cir. 1995). As noted, the instant appeal raising the double jeopardy challenge was timely filed.

"Ordinarily, an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals.'" *United States v. Montgomery*, 262 F.3d 233, 239 (4th Cir. 2000). Here, however, the district court has elected to exercise dual jurisdiction, has determined that Mr. McLain's appeal has no meritorious basis, and has ordered that the trial will continue as scheduled on June 1, 2016. Thus, only a stay of the trial issued by this Court will preserve Mr. McLain's Double Jeopardy rights.

As shown, Mr. McLain was convicted and sentenced for conspiracy to distribute narcotics and use of a firearm during a drug trafficking crime in EDVA

4

Case No. 4:11CR89-9. The facts in that case are identical to the overt acts in the case below (Count One, paras. 10qq, 10rr). In both cases, Mr. McLain was, and is, accused of conspiracy to purchase two pounds of marijuana from Alex Turner and using a firearm to shoot him (in the leg). In the case below, the government intends to convict Mr. McLain of RICO conspiracy by proving the conduct of which he has already been convicted in Case No. 4:11CR89-9. Indeed, proving the overt acts in paragraphs 10qq and 10rr by the evidentiary admission of Mr. McLain's judgment in Case No. 4:11CR89-9 would establish an element of the RICO conspiracy—a pattern of racketeering activity—two acts of racketeering activity, 18 U.S.C. Sections 1961(1) and (5) and 1962(c) and (d) (Doc. 147 at 54). Logically, since RICO predicates must be established in order to prove RICO, RICO predicates must be lesser included offenses. Thus, the marijuana conspiracy and Alex Turner shooting are lesser included offenses of the RICO offense and, as shown below, the same offense for Double Jeopardy purposes. Consequently, the crimes of which Mr. McLain stands convicted are lesser included offenses of, and the same offense as, the instant RICO conspiracy.

A lesser included offense is the same offense for Double Jeopardy purposes. The Supreme Court has "often concluded that two different statutes define the 'same offense,' typically because one is a lesser included offense of the other." *Rutledge*

5

*v. United States*, 517 U.S. 292 (1996). Thus, a second conviction in the district court based on the marijuana conspiracy and Alex Turner shooting would amount to a prohibited second punishment even if the RICO conspiracy conviction resulted in a concurrent, no greater sentence, *ibid*. Cf. *United States v. Kahn*, 461 F.3d 477 (4th Cir. 2006); *United States v. McHan*, 966 F.2d 134 (4th Cir. 1992). The government admits (Doc. 192 at 4) that *Rutledge* leaves open the question whether it applies to successive prosecutions, as here. Consequently, the question is hardly frivolous and deserves a full briefing of the issue and resolution by this Court before Mr. McLain is again placed in jeopardy.

Moreover, as stated, Mr. McLain is charged in only one count—Count One, the RICO conspiracy count--of the March 9, 2015, Second Superseding Indictment in the district court case. The government acknowledges (Doc. 175 at 5) that, in order to convict Mr. McLain of Count One, it must prove he agreed with another conspirator to commit at least two acts of racketeering (RICO predicates). Count One alleges Mr. McLain agreed to participate in three incidents of racketeering— (1) the 2007 homicide of Aaron Sumler, (2) the 2008 invasion of marijuana trafficker R.L.'s home, and (3) the July 2011 wounding of marijuana dealer A.T. Mr. McLain has already been charged with, has pleaded guilty to, and has been convicted of, and sentenced for, the two acts of racketeering relating to the third

6

episode which are again charged in paragraphs 10qq and 10rr of Count One, specifically, drug conspiracy and discharging a firearm. Thus, Mr. McLain has been convicted and punished for lesser included offenses of Count One under *Rutledge*. Since Mr. McLain has been convicted of, and punished for, lesser included offenses of Count One, they are the same offense as Count One, according to *Rutledge*, and prosecution of Mr. McLain on Count One is barred by the Double Jeopardy Clause as long as the A.T allegations remain.

The government argues (Doc. 175 at 5) that, even if the A.T. allegations were stricken, Mr. McLain would be tried on the other allegations in Count One, and, therefore, the A.T. allegations need not be stricken. This circular reasoning aside, if the A.T. allegations remain part of Count One, and the jury were to convict Mr. McLain on the RICO conspiracy, then the Court, the government, Mr. McLain, and the public would never know whether he was convicted solely on the two racketeering acts in paragraphs 10qq and 10rr, or whether he was convicted for participating in the Aaron Sumler homicide[1] and/or the R.L. home invasion. If Mr. McLain were convicted solely on the A.T. allegations, he would be convicted and

---

[1] Interviewed witnesses say Mr. McLain did not participate in the Sumler homicide and he was not part of this RICO conspiracy.

7

punished again for precisely the same conduct and offenses for which he is currently imprisoned.[1]

### *Rutledge v. United States*

In its motion (Doc. 175 at 3), the government relies on *Blockburger v. United States*, 284 U.S. 299 (1932), *United States v. Arnoldt*, 947 F.2d 1120 (4th Cir. 1991), and *United States v. McHan*, 966 F.2d 134, 140 (4th Cir. 1992), in arguing that "underlying predicate offenses are considered separate offenses for Double Jeopardy purposes and may be consecutively prosecuted and cumulatively punished," but all these cases predate *Rutledge v. United States*, 517 U.S. 292 (1996), which held that a 21 U.S.C. Section 846 drug conspiracy is a lesser included offense of CCE under 21 U.S.C. Section 848. There the Supreme Court ordered one of Rutledge's convictions vacated since they were the same offense. Citing *Arnoldt*, 947 F.2d 1126, the government acknowledges that CCE and RICO cases are similar (Doc. 175 at 4). Since the cases cited by the government predate *Rutledge*, this Court has not yet considered the effect of *Rutledge* on its precedents. Thus, this Court should

---

[1] If the district court were then to sentence Mr. McLain to imprisonment consecutive to the ten-year sentence he is currently serving for the 18 U.S.C. Section 924(c) violation in EDVA Case No. 4:11CR89-9, Mr. McLain would be punished repeatedly for the same conduct.

stay the proceedings below and allow full briefing and argument on Mr. McLain's Double Jeopardy challenge before his constitutional rights are violated.

## CONCLUSION

Mr. McLain's trial is set for June 1, 2016, and his opening brief is due in this Court on May 27, 2016, five days earlier. The government's response brief and Mr. McLain's reply brief are due during the scheduled trial. If Mr. McLain's trial proceeds, jeopardy will attach, and Mr. McLain's Double Jeopardy rights will be violated. Further, if trial proceeds, this appeal will become moot, at least regarding Mr. McLain's right not to be tried twice for the same offense. The briefing schedule would then become unnecessary.

Accordingly, Mr. McLain requests that this Court stay the proceedings below until compliance with the briefing schedule and full consideration by this Court of Mr. McLain's Double Jeopardy rights. Alternatively, if the Court declines to issue a stay, then Mr. McLain requests that this Court suspend the briefing schedule on the then moot issues before this Court pending resolution of the trial. If Mr. McLain

is convicted, the pending appeal can be consolidated with the appeal from the final judgment of the district court, and Mr. McLain's Double Jeopardy rights can be adjudicated then.

    Respectfully submitted,

    MAURICE MCLAIN
    APPELLANT

    /s/ Scott W. Putney
    Scott W. Putney, VA Bar 35209
    Counsel for Appellant McLain
    Scott W. Putney, P.C.
    PO Box 14075
    1600 East Little Creek Road
    Suite 302
    Norfolk, VA 23518
    (757) 277-6818
    Scott.Putney@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Yvonne Garcia
Lisa McKeel
Howard Zlotnick
Assistant U.S. Attorneys
U.S. Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Yvonne.Garcia@usdoj.gov
Lisa.McKeel@usdoj.gov
Howard.Zlotnick@usdoj.gov

I further certify that I will hand deliver a copy of the foregoing document to the following non-CM/ECF participant:

Mr. Maurice McLain
Western Tidewater Regional Jail

/s/ Scott W. Putney
Scott W. Putney
Counsel for Appellant